**United States District Court**
For the Northern District of California

**E-FILED on** 1/6/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAYNE KOH, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>S.C. JOHNSON & SON, INC.,<br><br>Defendant. | No. C-09-00927 RMW<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT, OR IN THE ALTERNATIVE TO STAY OR TRANSFER<br><br>**[Re Docket No. 23]** |

Plaintiff Wayne Koh brings this suit, on behalf of himself and all others similarly situated, against defendant S.C. Johnson & Son, Inc. ("SCJ") asserting claims under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*; the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*; common law fraud; and unjust enrichment. Defendant's motion to dismiss the first amended complaint, or in the alternative to stay or transfer the case, came on for hearing by this court on November 6, 2009. Plaintiff opposes the motion. Having considered the papers submitted by the parties and the arguments of counsel at oral argument, and for good cause appearing for the reasons set forth below, the motion is DENIED.

This case arises out of allegations of so-called "greenwashing," the practice of making one's products seem more environmentally friendly than in actuality. Compl. ¶¶ 10, 18-19. SCJ is a manufacturer of household cleaning products including Windex, a multi-purpose cleaner designed for cleaning glass and other reflective surfaces, and Shout, a stain remover. *Id.* ¶¶ 16, 26-27. On January 16, 2008, SCJ began marketing and selling Windex in packaging that prominently displays a certain label (the "Greenlist label") which is the subject of this lawsuit. *Id.* ¶ 30. Since then, SCJ has used this labeling on other products, including Shout. *Id.* ¶ 31. Plaintiff alleges that the Greenlist label is deceptively designed to look like a third party seal of approval, which it is not, and it falsely represents that the products are environmentally friendly. *Id.* ¶¶ 6-9.

The front of the Greenlist label has a green background and says, "Greenlist™ Ingredients," under a stylized drawing of two leaves and a stem. Declaration of Nickolas A. Kacprowski Supp. Def.'s Mot. ("Kacprowski Decl."), Ex. 2. On the reverse side of the label, which is read through the back of the Windex packaging, there is the following text: "Greenlist™ is a rating system that promotes the use of environmentally responsible ingredients. For additional information, visit www.scjohnson.com[.]" Compl. ¶ 4; Kacprowski Decl., Ex. 2. The front and back of the Greenlist label are reproduced below:



Plaintiff alleges that, among today's environmentally-conscious consumers, products seen as "green," or environmentally friendly, often command a premium price and take market share away from similar, non-"green" products. Compl. ¶¶ 17, 23. SCJ's products face competition from "eco-friendly" brands such as SimpleGreen and Seventh Generation. *Id.* ¶¶ 28-29. In addition, in early January 2008, just before SCJ began using the Greenlist label on Windex, its major competitor, Clorox, Co., announced that it was launching a line of Green Works cleaning products that had

received a seal of approval from the Sierra Club. *Id.* ¶ 29. By using the Greenlist label, plaintiff alleges, SCJ is able to charge consumers "as much as 50% [more] than its competitors' products that are not falsely portrayed as green." *Id.* ¶ 33. Plaintiff alleges that he would not have purchased Greenlist-labeled Windex at its premium price if he had known that Greenlist was actually created by SCJ, not a third party, and that Windex is not environmentally friendly. *Id.* ¶ 15.

Defendant raises two main arguments in support of dismissing the complaint: (1) plaintiff has not sufficiently alleged injury, and (2) no reasonable consumer could have found the Greenlist label misleading. Under the UCL and FAL, suit may only be brought by a "person who has suffered injury in fact and has lost money or property as a result of a violation." Cal. Bus. & Prof. Code §§ 17204, 17535. Courts have held that being induced to purchase a product one would not otherwise have purchased is not loss of money or property within the meaning of the statute as long as one still receives the benefit of the bargain. *See Hall v. Time*, 158 Cal. App. 4th 847, 854-55 (2008) (finding plaintiff did not suffer injury because, although he expended money, "he received a book in exchange" and "did not allege he did not want the book, the book was unsatisfactory, or the book was worth less than what he paid for it"); *Animal Legal Defense Fund v. Mendes*, 160 Cal. App. 4th 136, 147 (2008). Here, however, plaintiff has sufficiently alleged that he did *not* receive the benefit of the bargain in that Windex cost more than similar products without misleading labeling. *See also Hall*, 158 Cal. App. 4th at 854 (noting a plaintiff has standing when he pays higher insurance premiums because he "expended money due to the defendant's acts of unfair competition" (citing *Monarch Plumbing Co. v. Ranger Ins. Co.*, 2006 WL 2734391, at *6 (E.D. Cal. Sept. 25, 2006))).

On its second argument, defendant points out that the Greenlist label makes no mention of a third party, describes Greenlist as a "rating system" not a seal of approval, and directs consumers to SCJ's own website for further information. "[W]hether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer." *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938-40 (9th Cir. 2008) (holding defendant's packaging could deceive a reasonable consumer regarding the product's ingredients despite the fact that the packaging also included an ingredient list in small print on the side of the box). Here, plaintiff's allegations are sufficient to create a question of fact as to whether the Greenlist label was deceptive. Given the context

described in the complaint, it is plausible that a reasonable consumer would interpret the Greenlist label as being from a third party. In addition, guidelines issued by the Federal Trade Commission provide that a product label containing an "environmental seal," such as a globe icon with the text "Earth Smart" around it, "is likely to convey to consumers that the product is environmentally superior to other products" and would be deceptive "[i]f the manufacturer cannot substantiate this broad claim." Compl. ¶¶ 20-22 (citing 16 C.F.R. § 260.7(a)). Thus, while the attributes identified by defendant are relevant to the inquiry and may weaken the case for deceptiveness, they do not allow the court to rule on the issue as a matter of law.

Defendant also moves to dismiss claims based on labeling of Shout because plaintiff does not allege that he purchased Shout products and therefore lacks standing to bring these claims. Plaintiff responds that he has satisfied constitutional standing requirements and the remaining issues are properly dealt with on class certification. It appears that the Supreme Court has not resolved whether the issue presented is a question of standing or adequacy of representation. *See Gratz v. Bollinger*, 539 U.S. 244, 262-63 & n.15 (2003) (noting tension in prior cases). Here, plaintiff would not have standing if this suit concerned only Shout. However, plaintiff alleges that defendant used the Greenlist label on multiple products, including one that he purchased, and there is no brightline rule that different product lines cannot be covered by a single class. Notably, this is not a case in which plaintiff is asserting claims against defendants that never harmed him. *Cf. Easter v. Am. W. Fin.*, 381 F.3d 948, 962 (9th Cir. 2004) (finding district court properly considered standing before class issues where some defendants had never held a named plaintiff's loan). Thus, the court will defer ruling on the issue until the class certification stage and denies defendant's motion to dismiss in its entirety.

In the alternative, defendant moves to stay this case or transfer it to the Eastern District of Wisconsin.[1] On the facts and arguments presented, the court does not find that a stay or transfer is appropriate at this time.

---

[1] SCJ is based in Wisconsin. In addition, plaintiff's counsel filed an earlier case in the Eastern District of Wisconsin, *Petlack, et al. v. SC Johnson & Son, Inc.*, No. 08-CV-00820-CNC, which also arises out of defendant's use of the Greenlist label on Windex.

**ORDER**

For the foregoing reasons, the court DENIES defendant's motion to dismiss, or in the alternative to stay or transfer.

DATED: 1/5/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

**Notice of this document has been sent to:**

**Counsel for Plaintiff:**

Michael Robert Reese        michael@reeserichman.com
Deborah Clark-Weintraub     dweintraub@wdklaw.com

**Counsel for Defendant:**

Nickolas Alexander Kacprowski    nkacprowski@kirkland.com

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/6/10

TER
**Chambers of Judge Whyte**