United States District Court
For the Northern District of California

\*\* E-filed February 18, 2011 \*\*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WAYNE KOH, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>S.C. JOHNSON & SON, INC.,<br><br>    Defendant.<br>_____/ | No. C09-00927 RMW<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER**<br><br>**[Re: Docket No. 63]** |

**BACKGROUND**

Plaintiff Wayne Koh ("Koh") filed this putative class action on behalf of himself and all others similarly situated against defendant SC Johnson & Son, Inc. ("SC Johnson") for allegedly "misleading consumers about the environmental safety and soundness of its leading household cleaning products — the glass cleaner Windex and the stain remover Shout." Docket No. 8 ("First Amended Complaint" or "FAC"), ¶ 1. According to Koh, in an attempt to profit from the recent, growing consumer demand for products made from natural ingredients and/or produced in environmentally-friendly ways — colloquially known as "green" products — as well as to regain market share lost to products that are truly "green," SC Johnson has, since January 2008, prominently placed a deceptive seal of approval label containing the word "Greenlist" on the front of its Windex products. Id., ¶¶ 2-3. The reverse side of the label, which is visible through the Windex bottle, allegedly states: "Greenlist is a rating system that promotes the use of

1  environmentally responsible ingredients." Id., ¶ 4. SC Johnson has allegedly placed the same
2  Greenlist label on its Shout stain remover products. Id., ¶ 5.
3      The problem with these labels, Koh alleges, is that SC Johnson's Windex products actually
4  contain ingredients that he says are harmful to the environment (such as ethylene glycol n-hexyl
5  ether). Id., ¶ 9. To make matters worse, he alleges that SC Johnson's Greenlist label "is not a
6  designation bestowed by a non-profit environmental group, or even a neutral third-party, *but instead*
7  *is the creation of Defendant SC Johnson itself.*" Id., ¶ 8 (emphasis in original). As such, Koh
8  claims that SC Johnson's use of its Greenlist label to promote these products is fraudulent and
9  misleading and is in violation of various California statues and the common law. See id., ¶¶ 46-112.
10     During discovery, it was learned that Koh works for Scottrade, Inc. ("Scottrade"), where he
11 is in charge of purchasing office supplies, which he does through Scottrade's account with office
12 supply retailer OfficeMax, Inc. ("OfficeMax"). It was also learned that Koh frequently shops at
13 grocery stores operated by Safeway, Inc. ("Safeway"), which is where he says he purchased the
14 products at issue in this litigation. After learning these things, SC Johnson issued six subpoenas for
15 documents and deposition testimony to the following nonparties: (1) Scottrade; (2) Safeway; (3)
16 OfficeMax; (4) American Express Company ("American Express"); (5) MasterCard International
17 Inc. ("MasterCard"); and (6) Costco, Inc. ("Costco"). Docket No. 79 ("Defendant's Notice"), Exs.
18 1-6. Koh moves to quash these six subpoenas, arguing that they improperly seek personal and
19 confidential documents and information relating to him and which are irrelevant to this action, and
20 for a protective order. Docket No. 63 ("Motion to Quash" or "MTQ") at 1. SC Johnson opposed
21 Koh's motion (Docket No. 77 ("Opp'n")), and oral argument was heard on February 1, 2011.

## LEGAL STANDARD

23     The Federal Rules of Civil Procedure provide for liberal discovery. As a result, a party may
24 discover any matter relevant to a claim or defense. FED. R. CIV. P. 26(b)(1). Relevance for
25 discovery purposes is also construed more broadly than it is for trial; "[r]elevant information need
26 not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery
27 of admissible evidence." Id. Nevertheless, the court issuing a subpoena must quash or modify it if
28

1  it "requires disclosure of privileged or other protected matter, if no exception or waiver applies."
2  FED. R. CIV. P. 45(c)(3)(A)(iii).

3  Further, upon a showing of good cause, the court may limit the scope of discovery "to
4  protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."
5  FED. R. CIV. P. 26(c). The party or person seeking to limit its disclosures through such a protective
6  order has the burden of showing good cause. Blankenship v. Hearst, 519 F.2d 418 (9th Cir. 1975).
7  It cannot meet its burden by relying on conclusory statements; rather, it must make a particular and
8  specific need for a protective order. Methode Elecs., Inc. v. Finisar Corp., 205 F.R.D. 552, 554
9  (N.D. Cal. 2001) (citing Gray v. First Winthrop Corp., 133 F.R.D. 39, 40 (N.D. Cal. 1990)). Even
10 where "good cause" is established, a court should balance the interests in allowing discovery against
11 the relative burdens that would be imposed. In re Coordinated Pretrial Proceedings in Petroleum
12 Prod. Antitrust Litig., 669 F.2d 620, 623 (10th Cir. 1982); see also Wood v. McEwen, 644 F.2d 797,
13 801-802 (9th Cir. 1981).

### DISCUSSION

A. Koh's Standing to Challenge the Subpoenas

As an initial matter, SC Johnson argues that Koh does not have standing to move to quash, or seek a protective order with respect to, the nonparty subpoenas. Opp'n at 14.[1] It says that because the subpoenaed parties have not objected to the subpoenas as unduly burdensome, Koh cannot make this objection for them. Id.

This is a correct statement, but it is too narrow: "A party may not ask for an order to protect the rights of another party or a witness if that party or witness does not claim protection for himself, but a party may seek an order if it believes its own interest is jeopardized by discovery sought from a third person." 8A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 3D § 2035. Here, Koh's motion is not based on the nonparties' burdens in responding to SC Johnson's subpoena; instead, his motion is based on his own privacy

---

[1] SC Johnson also argues that Koh's motion is untimely because it was filed after the deadline for the nonparties to respond to the subpoenas. The Court disagrees, and SC Johnson cannot show that it has been prejudiced by any delay.

rights and the irrelevance of the information sought.  On these bases, Koh clearly has standing to move to quash the subpoenas or to seek a protective order.[2]

### B. The Subpoenas

#### 1. The Scottrade and OfficeMax Subpoenas

The Scottrade and OfficeMax subpoenas did not issue from this District.  Defendant's Notice, Exs. 4, 5.  Accordingly, this Court does not have jurisdiction to quash these subpoenas.  See Fed. R. Civ. P. 45(c)(3)(A) (granting authority to quash to the issuing court).  Nonetheless, because this Court may issue a protective order, it will deem Koh's motion with respect to these subpoenas as one for a protective order.  See FED. R. CIV. P. 26(c)(1) (granting authority to issue protective orders to "the court where the action is pending"); see also Everflow Technology Corp. v. Millennium Electronics Inc., No. 07-05795 JF (HRL), 2009 WL 3565558, at *1 (N.D. Cal. Oct. 27, 2009).

The Scottrade subpoena requests:

(1) All documents related to expense reports, reimbursement requests, or purchase orders made or submitted to You by Wayne Koh, or any other person acting on his behalf, during the relevant time period.

(2) All documents related to the purchase of cleaning supplies purchased by You (including Wayne Koh or any of Your employees) through Your corporate account with Office Max for Your location . . . [from March 1, 2007 to present].

(3) All documents related to the purchase of cleaning supplies by You (including Wayne Koh or any of Your other employees) for use at Your location . . . [from March 1, 2007 to present].

Defendant's Notice, Ex. 4.  And the OfficeMax subpoena requests:

(1) All documents related to any purchases or purchase orders made or submitted to You by Wayne Koh, or any other person acting on his behalf, [from March 1, 2007 to present].

(2) All documents related to any purchases or purchase orders made or submitted to You by the Scottrade, Inc. office located at 2750 41st Avenue, Suite E. Soquel, CA, 95073, or for delivery to said Scottrade, Inc. location, [from March 1, 2007 to present].

---

[2] In fact, counsel SC Johnson may have discovered this had they more closely read the citations in one of the cases they cited in support of their point.  See Finley v. Pulcrano, No. 08-0248 PVT, 2008 WL 4500862, at *1 (N.D. Cal. Oct. 6, 2008) (citing 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE CIVIL 2D § 2035).

4

1  (3) All documents related to and sufficient to ascertain the existence of any account or other relationship that the Scottrade, Inc. office located at 2750 41st Avenue, Suite E. Soquel, CA, 95073, or any entity or person acting on its behalf, has/has had in place with you You [from March 1, 2007 to present].

Defendant's Notice, Ex. 5.

SC Johnson claims that these documents are relevant to this action because of statements Koh made during his deposition. For example, SC Johnson states that Koh testified that he: (a) worked at Scottrade for a number of years, where he was responsible for purchasing, among other things, cleaning supplies such as Windex and other glass cleaners, (b) made these purchases through Scottrade's corporate account with OfficeMax; and (c) sought "green" cleaning products but was unable to locate any. Opp'n at 6-7. SC Johnson thus contends that its subpoenas seek relevant information because they seek information to determine which glass cleaners Koh purchased (and the prices at which he purchased them), whether any such purchases were made through Scottrade's account with OfficeMax, and which other "green" cleaning products were available to him. Id.

With these subpoenas, SC Johnson is trying to collect information to show that it was actually Koh's attorney who introduced Koh to the world of "green" products and that Koh did not care about these products before filing this action. In its opposition, SC Johnson writes:

> Plaintiff Wayne Koh never bought a "green" product in his life until he spoke with attorney Kim Richman, who specializes in bring consumer class-action suits. According to [Koh], Mr. Richman told him that Clorox Green Works was a "green" glass cleaner in 2007, which prompted [Koh] to buy and use it throughout 2007 and into 2008, when he purchased the Windex glass cleaner that forms the basis for this suit. It was class-action lawyer Richman again, in 2008, who convinced [Koh] that Windex was not a "green" glass cleaner and who then filed this putative class action on [Koh's] behalf. In the two years since he laid the foundation for his suit by purchasing Green Works and Windex, [Koh] has not purchased a single other 'green' product of any kind.

Opp'n at 1 (citing Reese Decl., Ex. G ("Transcript of Deposition of Wayne Koh") at 38:1-39:3; 41:2-11; 42:23-43:8; 53:21-54:24; 70:11-19). It also says:

> Throughout this litigation, Koh has made broad allegations regarding his reliance on "green" or environmental third-party logos and seals in his purchasing decisions, but he cannot recall what logos he saw of what products he purchased with such logos. Koh alleges that he paid a premium price for his Greenlist Windex of as much as fifty percent over the price of similar products, but he cannot identify the other products he considered or their prices. Koh did testify that he bought similar products at a much cheaper price in the past, but he could not recall exactly where, or at what price.

5

Opp'n at 6 (citing Transcript of Deposition of Wayne Koh at 30:23-341:3; 31:19-32:12; 34:22-36:2; 50:23-51:25; 78:18-79:2; FAC, ¶¶ 15, 33).

Koh, who has the burden to demonstrate the need for a protective order, argues that these subpoenas seek irrelevant information.[3]  As he explains: "The relevant issue in this consumer protection class action is whether SC Johnson's Greenlist label is deceptive and misleading. Contrary to SC Johnson's contention, this suit is not about Mr. Koh's general 'purchasing habits.'" Docket No. 68 ("Reply") at 4.  The Court agrees with Koh; the documents and information sought by the subpoenas are not reasonably calculated to lead to admissible evidence in relation to any of Koh's claims.  Indeed, this entire line of inquiry into all of Koh's purchases on behalf of his employer over a three year period strikes the Court as more harassing of Koh and his employer than it is beneficial to any legitimate defense interest in this case.

Accordingly, the Court will grant Koh's motion for a protective order as to these two subpoenas.  SC Johnson shall not use any documents or information it received in response to these subpoenas from either Scottrade or OfficeMax for any purpose in this action, and it must destroy any such documents or information within 10 days from the date of this order.

2. <u>The Safeway Subpoena</u>

This subpoena did issue from this District, so the Court has jurisdiction either to quash it or issue a protective order.  <u>See</u> FED. R. CIV. P. 26 (c)(1) & 45(c)(3)(A).

The Safeway subpoena requests:

---

[3] Koh also makes a privacy argument. "In a federal action based on diversity of citizenship jurisdiction, state law governs privilege claims." <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 284 (C.D. Cal. 1998) (citing FED. R. EVID. 501; <u>Upjohn Co. v. Hygieia Biological Labs.</u>, 151 F.R.D. 355, 358 (E.D.Cal.1993)).  Here, Koh contends the discovery requested is privileged based on his privacy rights.  "To the extent privacy is a matter of privilege under state law, federal courts will honor the privilege and protect the responding party from discovery." SCHWARZER, TASHIMA & WAGSTAFFE, CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 11:77 (The Rutter Group 1996 revised).  "In California, the right to privacy is set forth in Article I, Section I of the California Constitution.  It is not an absolute right, but a right subject to invasion depending upon the circumstances. <u>Oakes v. Halvorsen Marine Ltd.</u>, 179 F.R.D. 281, 284 (C.D. Cal. 1998) (citing <u>Hill v. National Collegiate Athletic Ass'n</u>, 7 Cal.4th 1, 37 (1994)).  "Moreover, the courts have frequently found that a party's need for the information may outweigh whatever privacy rights, if any, another party may have. <u>Id</u>. (citing <u>Cook v. Yellow Freight System, Inc.</u>, 132 F.R.D. 548, 552 (E.D. Cal. 1990)).  The Court does not believe that Koh has a privacy right with respect to this information about his purchases; it is not like the more common examples of personal financial information or an employee personnel file.  However, as explained above in the text, relevance is another issue.

6

(1) All documents relating to purchases from You made with the Safeway Club Card registered to Wayne Koh [from March 1, 2007 to present].

(2) All documents related to Wayne Koh's purchases from You [from March 1, 2007 to present].

(3) All documents related to and sufficient to ascertain the retail price that You listed for the [the entire SC Johnson "Windex" and "Shout" product lines and the entire Clorox Company "Greenworks" product line] at the Safeway store located at 2720 41st Avenue, Soquel, CA, 95073 [from March 1, 2007 to present].

(4) All documents related to and sufficient to ascertain the purchase price that customers paid for [the entire SC Johnson "Windex" and "Shout" product lines and the entire Clorox Company "Greenworks" product line] at the Safeway store located at 2720 41st Avenue, Soquel, CA, 95073 [from March 1, 2007 to present].

(5) All documents related to and sufficient to ascertain any coupons, discounts, sales, rebates, or any other like programs or promotions that were in effect with respect to [the entire SC Johnson "Windex" and "Shout" product lines and the entire Clorox Company "Greenworks" product line] at the Safeway store located at 2720 41st Avenue, Soquel, CA, 95073 [from March 1, 2007 to present].

Defendant's Notice, Ex. 1.

As he did with respect to the Scottrade and OfficeMax subpoenas, Koh argues that the Safeway subpoena seeks irrelevant information. And the Court again agrees that much of the information sought by these subpoenas is irrelevant to any legitimate defense interest. Accordingly, the Court grants Koh's motion for a protective order as to this subpoena. Since Koh has stated that he purchased the Windex at issue in this action at Safeway, the Court will allow SC Johnson to use the documents and information it received from Safeway in response to the subpoena in this action. However, SC Johnson may not use the documents and information it received as a springboard for further discovery.

        3.   <u>The American Express and MasterCard Subpoenas</u>

The American Express and MasterCard subpoenas did not issue from this District (Defendant's Notice, Exs. 2, 3), so this Court does not have jurisdiction to quash this subpoena, but it will deem the motion as one for a protective order. <u>See</u> FED. R. CIV. P. 26(c)(1) & 45(c)(3)(A).

These subpoenas request the following discovery from both American Express and MasterCard:

(1) All documents, including monthly (or other) statements or records, however kept, relating to any credit card issued to Wayne Koh by You [from March 1, 2007].

7

Defendant's Notice, Exs. 2, 3.

SC Johnson states in its opposition that "[b]ecause it has been determined that American Express and MasterCard do not itemize the purchases of its card users with particularity sufficient to identify specific purchases at the locations where the cards were used," it has withdrawn these two subpoenas. Opp'n at 1 n.2. However, SC Johnson also states that "[t]he subpoenaed parties have, with the exception of Scottrade, already produced their responsive documents." Opp'n at 9. And SC Johnson admitted at oral argument that it had received at least some of the documents requested by these subpoenas.

California law makes it clear that banking information is not wholly privileged. Instead, courts balance "the right of civil litigants to discover relevant facts, on the one hand, with the right of bank customers to maintain reasonable privacy regarding their financial affairs, on the other." Valley Bank of Nev. v. Superior Court, 15 Cal.3d 652, 657 (1975); Fortunato v. Superior Court, 114 Cal.App.4th 475, 481 (2003). In striking this balance, "the trial courts are vested with the same discretion which they generally exercise in passing upon other claims of confidentiality." Valley Bank, 15 Cal.3d at 657.

While SC Johnson states that the information sought by these subpoenas is relevant and necessary, the Court is not persuaded that the information sought is particularly important to defending against Koh's claims. Rather, the Court believes the subpoenas to be wildly overbroad and only marginally calculated, if at all, to lead to relevant and admissible evidence to be used in this action.

Accordingly, the Court will grant Koh's motion for a protective order as to these two subpoenas. SC Johnson shall not use any documents or information it received in response to these subpoenas from either American Express or MasterCard for any purpose in this action, and it must destroy any such documents or information within 10 days from the date of this order.

4. The Costco Subpoena

After Koh filed his motion, SC Johnson served a subpoena on Costco for the same information as requested from Safeway. Defendant's Notice, Ex. 6. This subpoena did not issue from this District, so this Court does not have jurisdiction to quash this subpoena, but it will

consider Koh's request as a motion for a protective order. See FED. R. CIV. P. 26(c)(1) & 45(c)(3)(A). For the same reasons as explained with respect to the Safeway subpoena, the Court will grant Koh's motion for a protective order as to this subpoena as well. SC Johnson shall not use any documents or information it may have received in response to its subpoena from Costco for any purpose in this action, and it must destroy any such documents or information within 10 days from the date of this order.

## CONCLUSION

Based on the foregoing, Koh's motion is GRANTED. The Court shall enter a protective order restricting the use of any documents and information received in response to the above-referenced subpoenas. Specifically:

- With respect to the Scottrade, OfficeMax, American Express, MasterCard, and Costco subpoenas, SC Johnson shall not use any documents or information it received in response to these subpoenas for any purpose in this action, and it must destroy any such documents or information within 10 days from the date of this order.

- With respect to the Safeway subpoena, SC Johnson may use the documents and information it received in response to this subpoena in this action. However, SC Johnson may not use the documents and information it received as a springboard for further discovery.

**IT IS SO ORDERED.**

Dated: February 18, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C09-00927 RMW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Bradley Herman Weidenhammer | bweidenhammer@kirkland.com, amy.crawford@kirkland.com, jen.miller@kirkland.com, sarah.farley@kirkland.com |
| Deborah Clark-Weintraub | dweintraub@wdklaw.com, ecf@wdklaw.com |
| Michael Robert Reese | michael@reeserichman.com |
| Nickolas Alexander Kacprowski | nkacprowski@kirkland.com, alevin@kirkland.com, amy.crawford@kirkland.com, brad.weidenhammer@kirkland.com, charles.kalil@kirkland.com, jeffrey.willian@kirkland.com, jennifer.miller@kirkland.com, jposada@kirkland.com, kathy.ehrhart@kirkland.com, sfarley@kirkland.com |

**Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

Charles J Kalil , II
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Jeffrey L. Willian
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60654

Kim E. Richman
Reese Richman LLP
875 Avenue of the Americas
18th Floor
New York, NY 10001

Robert B. Ellis
Kirkland & Ellis LLP
300 North LaSalle
Chicago, IL 60601

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**